**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PHILIP G. NERI,                    :
                                   :    Civil Action No. 06-2400 (RBK)
           Plaintiff,              :
                                   :
     v.                            :    **OPINION**
                                   :
ATTORNEY GENERAL OF                :
NEW JERSEY, et al.,                :
                                   :
           Defendants.             :

**APPEARANCES:**

Plaintiff pro se
Philip G. Neri
Burlington County Detention Center
P.O. Box 6000
Mt. Holly, NJ 08060-6000

**KUGLER**, District Judge

Plaintiff Philip G. Neri, a pre-trial detainee confined at Burlington County Detention Center in Mt. Holly, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff is a pre-trial detainee.  He alleges that the defendants, the Attorney General of New Jersey and Deputy Attorney General Kenneth Sharpe, have engaged in multiple forms of prosecutorial misconduct and vindictive prosecution in connection with his pending criminal matter.  Plaintiff alleges that the Defendants (1) have violated his right to discovery under New Jersey Court rules, (2) have interfered with his right to counsel by transferring him from Salem County Jail to Burlington County Detention Center, (3) have obstructed his right to have his expert examine the original hard drives of computers involved in the case, and (4) has allowed destruction of exculpatory evidence.  Plaintiff also asserts that Defendants have violated the Citizens Protection Act of 1998.  Plaintiff seeks damages in the amount of twenty million dollars.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

4

>     injured in an action at law, suit in equity, or other
>     proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

A.  Citizens Protection Act

The Citizens Protection Act of 1998, 28 U.S.C. § 530B, 28 C.F.R. § 77.1 et seq., provides in pertinent part:

>     (a) An attorney for the government shall be subject to
>     State laws and rules, and local Federal court rules,
>     governing attorneys in each State where such attorney
>     engages in that attorney's duties, to the same extent
>     and in the same manner as other attorneys in that
>     State.
>
>     ...
>
>     (c) As used in this section, the term "attorney for the
>     Government" includes any attorney described in section
>     77.2(a) of part 77 of title 28 of the Code of Federal
>     Regulations and also includes any independent counsel,
>     or employee of such a counsel, appointed under chapter
>     40.

28 U.S.C. § 530B.

The Citizens Protection Act does not "create a right or benefit, substantive or procedural, enforceable at law by a party to litigation."  28 C.F.R. § 77.5.

Moreover, the term "attorney for the Government" described in 28 C.F.R. § 77.2(a) includes only attorneys employed by the United States Department of Justice and independent counsel and employees of independent counsel.  The defendants here are not attorneys for the government within the meaning of the Citizens Protection Act.

For the foregoing reasons, this claim will be dismissed for failure to state a claim.

B.   Prosecutorial Misconduct

Plaintiff alleges that the defendants are engaging in multiple acts of unconstitutional prosecutorial misconduct.

The U.S. Supreme Court has recognized the obligation of a prosecutor to conduct a criminal prosecution with propriety and fairness.

> He may prosecute with earnestness and vigor – indeed, he should do so.  But, while he may strike hard blows, he is not at liberty to strike foul ones.  It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.
> ...

Berger v. United States, 295 U.S. 78, 88 (1935).  Plaintiff's claim, however, is premature.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had

been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages

> bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

Here, the question whether Plaintiff's claim has accrued is complicated by the fact that the investigation and prosecution are ongoing. <u>Cf.</u> <u>Smith v. Holt</u>, 87 F.3d 108 (3d Cir. 1996) (claims that would necessarily imply the invalidity of a future conviction that might be entered on a pending criminal charge do not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist), <u>cert. denied</u>, 519 U.S.

8

1041 (1996); Shamalizadeh v. Cunigan, 182 F.3d 391 (6th Cir.) (same), cert. denied, 528 U.S. 1021 (1999); Covington v. City of New York, 171 F.3d 117 (2d Cir.) (same), cert. denied, 528 U.S. 946 (1999).  If this claim of prosecutorial misconduct were permitted to proceed at this time, the very real possibility exists that the civil rights action might produce a result at odds with that of the criminal proceeding, the very evil that the Heck rule is intended to avoid.  See Heck, 512 U.S. at 484-85. Accordingly, this claim must be dismissed without prejudice as premature.

C.   Malicious Prosecution

In order to state a prima facie case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999).  Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are:  (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  Lind v.

Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).  Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding.  Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Here, Plaintiff has failed to allege a favorable termination of the criminal proceeding.  Accordingly, this claim does not appear to have accrued and will be dismissed without prejudice.

## V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  It does not appear that Plaintiff could amend the Complaint to state a claim at this time.  An appropriate order follows.

S/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: October 17, 2006